

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CMM:JPS
F. #2025R0728

*610 Federal Plaza*
*Central Islip, New York 11722*

January 12, 2026

By E-mail

The Honorable Steven I. Locke
United States Magistrate Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Philip Schuler
              Criminal Docket No. 26-MJ- 0002 (SIL)

Dear Judge Locke:

      The government respectfully submits this letter to request a permanent order of detention with respect to the defendant Philip Schuler.  The defendant was arrested on January 7, 2026, in Valley Stream, New York and is currently charged by felony complaint with attempted coercion and enticement of a minor, in violation of Title 18, United States Code, Section 2422(b). This charge carries a ten-year mandatory minimum term, and up to life imprisonment.

      For the reasons set forth herein, the government respectfully submits that this is a presumption case and that no condition or combination of conditions will reasonably assure the defendant's appearance in court or the safety of the community.  Accordingly, the defendant should be detained pending trial.

    I.    Summary of Evidence and Charges

        A.    Attempted Coercion of a Minor

      In approximately September 2025, the Federal Bureau of Investigation ("FBI") received a tip from the Decoy Project, Inc.[1], a non-profit organization based in Texas.  The tip included outlines of sexually explicit conversations between the defendant and an individual

---

[1] The Decoy Project, Inc. describes itself as a nonprofit organization dedicated to identifying, investigating, and reporting online predators who target children through ethical decoy operations.

purporting to be a 13-year-old girl. During these conversations, the defendant discussed having the purported minor travel to New York to visit him.

Beginning in late October 2025, a member of the FBI, acting in an undercover capacity and posing as a 13-year-old girl (the "FBI Decoy"), began communicating with the defendant on the social media platform Discord, Inc. From late October through January 2026, the defendant and the FBI Decoy communicated almost daily. During these communications, the defendant engaged in numerous sexually explicit conversations with the FBI Decoy, including the defendant taking the FBI Decoy's virginity. The defendant also masturbated during a videocall with the FBI Decoy and sent her a photograph of his penis.

On January 6, 2026, the defendant and the FBI Decoy agreed to meet in person the following day. In prior conversations, the defendant and the FBI Decoy discussed using contraceptives when they ultimately met. On January 6th, the FBI Decoy informed the defendant that she could not locate any condoms, and he responded, in sum and substance, "I've got that covered." The defendant agreed to meet the FBI Decoy at a park in Valley Stream. On January 7, 2026, the defendant was arrested at the previously agreed-upon location. Additionally, upon being given <u>Miranda</u> warnings and signing a written waiver, the defendant told law enforcement that he was in love with the FBI Decoy and only wanted to meet her to see if she was real. However, the defendant also provided law enforcement with a motel key for a room that he rented earlier in the day. Law enforcement recovered spermicide, gifts for the FBI Decoy, and a laptop, among other items, from the motel room.

B. <u>Additional Criminal Conduct: Possession of Child Sexual Abuse Material ("CSAM") and Purported Sexual Relationship with Minor</u>

On approximately November 18, 2025, the National Center for Missing and Exploited Children ("NCMEC") received a CyberTip[2] from the Microsoft Corporation. According to the CyberTip, an individual identified as "Phil S" with the associated email address philny15@gmail.com uploaded a file which portrayed a pre-pubescent female engaged in a sexual act with an adult male. The philny15@gmail.com email address is associated with an IP address registered to the defendant's residence. Additionally, philny15@gmail.com is associated with the defendant's Discord username, through which the defendant appeared on camera during conversations with the FBI Decoy.

Pursuant to a judicially authorized search warrant, law enforcement recovered multiple electronic devices from the defendant's residence, including computers and hard drives. Law enforcement agents were able to access files from the defendant's computer that had filenames that were consistent with CSAM. Additionally, agents recovered a photograph of the FBI Decoy on the defendant's computer. Although those materials have not yet been forensically

---

[2] NCMEC is a private, non-profit organization founded by Congress in 1984. Among its many functions, NCMEC receives tips regarding missing, abducted or sexually exploited children. NCMEC also maintains a "CyberTipline" to receive complaints from internet service providers, electronic service providers and others. NCMEC analysts will review CyberTipline reports and forward them to the appropriate law enforcement agency for further investigation.

examined, the government's investigation is ongoing, and the government anticipates seeking an indictment charging the defendant with additional offenses.

Additionally, the defendant told the FBI Decoy that just prior to the pair meeting on Discord, the defendant was involved in a sexual relationship with another minor child and had sexual intercourse with the minor approximately twelve times.

II.     Legal Standard

As noted above, the defendant is charged by complaint with attempted coercion and enticement of a minor, in violation of Title 18, United States Code, Section 2422(b). This charge triggers a statutory presumption of detention under 18 U.S.C. § 3142(e)(3), that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. § 3142(e)(3)(E) (presumption for offenses involving minor victims under 18 U.S.C. §§ 2252(a)(2) and 2422(b)).

To rebut this statutory presumption, the defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). If this limited burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of evidence that the defendant presents a risk of flight. *Id.*

To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider:

(1)  the nature and circumstances of the crime charged;
(2)  the weight of the evidence against the defendant;
(3)  the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and
(4)  the nature and seriousness of the danger to the community or to an individual that would be posed by release.

18 U.S.C. § 3142(g). Once a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely but remains a factor for the court to consider. *Mercedes*, 254 F.3d at 436.

III.    Discussion

Here, in evaluating the statutory factors, the defendant cannot rebut the presumption that he poses a danger to the community. The concept of "dangerousness" encompasses not only the effect of a defendant's release on the safety of identifiable individuals, such as victims and witnesses, but also "the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Millan*, 4 F.3d 1038, 1048 (2d Cir. 1993). As countless courts have observed, "Congress found little distinction in the harm caused by a pedophile, be he a distributor or mere consumer in child pornography, because the mere existence of and traffic in

child pornographic images creates the potential for many types of harm in the community and presents a clear and present danger to all children." *United States v. Blackman*, No. 22-MJ-272 (GRB), 2022 WL 843735, at *3 (E.D.N.Y. Mar. 22, 2022) and *United States v. Valerio*, 9 F. Supp. 3d 283, 289 (E.D.N.Y. 2014) (both quoting *United States v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2006)). This danger exponentially increases where, as here, the defendant displays a demonstrated interest in hands on, live abuse of children. *See Valerio*, 9 F. Supp. 3d at 289 ("Here, defendant not only is charged with dangerous conduct involving the alleged transportation, receipt, and possession of child pornography, but he also is charged with participating in the sexual exploitation of two minors (ages three and six) . . . and is alleged to have committed the conduct with respect to Jane Doe # 1, by email and telephonic communications with a woman in Ukraine, who allegedly sexually exploited her three-year-old daughter at defendant's request in order to send videos of the exploitation to defendant").

The nature and circumstances of the crime charged weigh heavily in favor detention. The defendant spent months speaking to who he believed was a 13-year-old girl. In addition to masturbating on video and sending the FBI Decoy an explicit photograph of himself, the defendant took the additional steps of renting a motel room and purchasing contraceptives in order to have sexual intercourse with a child.

The government expects the defendant will argue that less restrictive measures are sufficient to ensure the safety of the community. But, as Judge Bianco aptly observed, "because of a person's ability to use his or her home, a computer, and/or a mobile phone to commit this type of alleged violent conduct, the ability to monitor, to detect, and to prevent such conduct from reoccurring on bail is extremely difficult." Valerio, 9 F. Supp. 3d at 289. If the defendant obtains access to electronic devices while on bail, and facilitates the abuse of even one more child, any "proposed safeguards prove too insubstantial as measured against the potentially catastrophic risks." Blackman, 2022 WL 843735, at *5.

Further, at this juncture, the defendant poses a significant risk of flight if released. The charged offense, attempted coercion and enticement, carries a significant penalty. Attempted coercion imposes a mandatory ten-year minimum term, with up to life in prison. 18 U.S.C. § 2422(b). The Second Circuit has held that the possibility of a severe sentence is an important factor in assessing flight risk. *See United States v. Jackson*, 823 F.2d 4, 7 (2d Cir. 1987); *United States v. Cisneros*, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight.").

IV.    <u>Conclusion</u>

For the reasons set forth above, the defendant should be prevented from continuing to engage in such conduct, electronically or in person.  He poses a significant danger to the community if released pending trial, and no combination of bail conditions will reasonably ensure the safety of the community and the defendant's continued appearance before the Court. Therefore, the government respectfully submits that a permanent order of detention be issued.

                                 Respectfully submitted,

                                 JOSEPH NOCELLA, JR.
                               United States Attorney

By:    *James P. Scahill*
        James P. Scahill
        Special Assistant U.S. Attorney
        (631) 715-7853

cc:    Felipe Garcia, Esq. (by email and ECF)
       Clerk of Court (by email and ECF)